IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| DENISE RUIZ, | ) | CASE NO.1:18-CV-02138 |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

Before me[1] is the matter of Denise Ruiz's action[2] seeking judicial review of the 2018 decision of the Commissioner of Social Security that denied Ruiz's application for disability insurance benefits.[3] The matter has been briefed,[4] a transcript of the administrative record has been filed,[5] and the parties have participated in a telephonic oral argument.[6] For the reasons that follow, the decision of the Commissioner will be reversed and the matter remanded for further proceedings.

---

[1] ECF No. 13. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10 (transcript) at 67-82.
[4] ECF Nos. 17,18,21.
[5] ECF No. 10.
[6] ECF No. 23.

At the time of the hearing in 2017, Ruiz was an individual closely approaching advanced age at the date of last insured.[7] She has a high school education and engaged in past relevant work as a care giver, an office clerk, and a medical assistant.[8] The ALJ found that Ruiz had severe impairments as to a spine disorder, osteoarthritis, high blood pressure, depressive disorder, anxiety disorder and obesity.[9] The ALJ determined that Ruiz had an RFC for light work with some limitations, such as never kneeling or crawling, and never climbing ladders or working at unprotected heights.[10] The RFC further found that Ruiz could frequently reach overhead and in all other directions with her left arm.[11] It finally provided that Ruiz can work in an environment with no fast pace production requirements and could tolerate routine workplace changes if they were explained in advance and introduced gradually.[12]

Ruiz here initially argues that the ALJ erred by granting only little weight to the opinion of Dr. Kyo Kim, M.D., Ruiz's treating physician, who opined that Ruiz could only sit for four hours and stand for one hour in a work day, and that Ruiz could never lift, push, or pull.[13] As reasons for the diminished weight, the ALJ noted that despite the fact that Ruiz has pain associated with her knee and lower back, "she walked with a normal gait"

---

[7] Tr. at 81. Indeed, the ALJ took specific notice of the fact that Ruiz was only a few months shy of the next age category and that the use of the higher age category would have resulted in a finding of disability.
[8] *Id*. at 80.
[9] *Id*. at 70.
[10] *Id*. at 74.
[11] *Id*.
[12] *Id*.
[13] ECF No. 18 at 20-21 (citing record).

and "most findings show that [Ruiz] had normal range of motion, sensation, and strength."[14]

Ruiz, however, points out that three of the citations in the record that reference "normal gait" are from 2014 and so well before Ruiz's treatment with Dr. Kim in 2016.[15] More importantly, Dr. Kim's treatment notes detail objective clinical findings such as diagnostic tests showing herniated and degenerated lumbar discs, and treatment notes that Ruiz was scheduled for back fusion surgery.[16] Equally important, Dr. Kim's treatment notes show involuntary muscle spasms when palpitating the lumbar area, positive trigger points, limited active range or motion due to pain and positive supine straight leg raising.[17]

While the ALJ has no duty to analyze every piece of medical evidence in reaching conclusions, the ALJ also may not selectively cherry-pick the medical evidence to present a fundamentally inaccurate or misleading reading of the evidence as a whole.[18]

In addition, Ruiz also contends it was error for the ALJ to find Dr. Kim's opinion inconsistent with the rest of the evidence because Dr. Kim's opinion is supported by records from other treating physicians in this period who also documented that Ruiz's impairments would make it difficult to lift, push/pull, stand, walk or sit.[19] To that point, Ruiz cites to the treatment records of Dr. Mohammed Karim, M.D., who found, by way of

---

[14] Tr. at 80.
[15] ECF No. 18 at 23.
[16] Tr. at 1120, 1123, 1126.
[17] *Id.*
[18] *Gentry v. Comm'r of Social Security*, 741 F.3d 708, 724 (6th Cir. 2014).
[19] ECF No. 18 at 24.

a 2015 x-ray, that Ruiz's left sholder had "calcified tendinopathy,"[20] and further found in 2016 that severe back pain was causing difficulty with standing and walking, but was not remedied by injections from her pain medicine physician.[21] Dr. Karim explicitly noted that Ruiz still had significant pain radiating into her thigh making it difficult to ambulate."[22]

In addition, the treating physician records from 2015-2016 show frequent examples in the treatment notes of such relevant facts as: (1) diminished range of motion;[23] (2) still experiencing "moderate to significant pain in the shoulder" – should avoid heavy lifting, pushing and pulling;[24] (3) significant pain in raising her left arm – in pain management – range of motion limited by pain and stiffness, possibly due to scarring and adhesions;[25] (4) underwent a right knee arthroscopy and partial medial meniscectomy[26] -early degenerative changes present;[27] (5) series of three viscosupplementation shots to right knee;[28] and (6) pain in acromioclavicular joint, upper trapezial area and medial clavicle area exacerbated with any type of overhead reaching, "grossly limited cervical spine range of motion in all planes," diminished shoulder range of motion in all planes," administered corticosteroid injection.[29]

---

[20] Tr. at 687-89.
[21] *Id*. at 874-76.
[22] *Id*.
[23] *Id*. at 849, 854.
[24] *Id*. at 847-48.
[25] *Id*. at 963.
[26] *Id*. at 1044-45.
[27] *Id*. at 1051.
[28] Id. at 1048, 1049, 1051.
[29] *Id*. at 1050.

Moreover, in addition to these significant findings as to Ruiz's physical limitations that were not properly analyzed in connection with ascribing weight to the functional opinion of Dr. Kim, and the subsequent formulation of the RFC, Ruiz argues that her mental and emotional limitations are greater than those expressed in the RFC.[30] In particular, she contends that her limitations here go beyond no fast pace production and only routine work changes, but would require her to be absent, late or off task more than ten percent of the time.[31]

Because the defects related to the handling of Dr. Kim's opinion, and the subsequent error in formulating the physical component of the RFC are sufficient to remand the matter, I make no findings here on the emotional and psychological argument presented above. However, those elements of the RFC, and the arguments submitted by Ruiz, should be addressed in the proceedings and resulting opinion on remand.

I find that the decision of the Commissioner is not supported by substantial evidence and so is reversed. The matter is remanded for further proceedings.

IT SO ORDERED.

Dated: September 26, 2019                s/William H. Baughman Jr.
                                          United States Magistrate Judge

---

[30] ECF No. 18 at 27-29.
[31] *Id*.